1  Peter J. Ferguson, State Bar No. 108297
   FERGUSON, PRAET & SHERMAN
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California 92705-7101
   PHONE (714) 953-5300
4  FAX (714) 953-1143

5  Attorneys for Defendants City of Laguna Beach, Laguna Beach Police
   Department, Sgt. George Ramos and Sgt. Jason Farris

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CHRISTIE PARK, KEVIN CLAYTON PARK, AMANDA PARK, a minor by and through her guardian Ad Litem JUNE SLACK, ESTATE OF KEVIN PARK and ESTATE OF JONI PARK, | No. SACV08-00612-DOC(RNBx) |
|---|---|
| Plaintiffs, | **DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: REMAND TO STATE COURT** |
| vs. | **(Federal Question)** |
| CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT, SGT. GEORGE RAMOS AND SGT. JASON FARRIS, COUNTY OF ORANGE and DOES 1 to 100, | |
| Defendants. | |

///
///
///
///
///
///
///

OSC re: Remand to State Court              1                  No. SACV08-00612-DOC(RNBx)

**TO THE HONORABLE DISTRICT COURT JUDGE DAVID O. CARTER AND ALL PARTIES OF RECORD:**

The Defendants in the above-entitled action assert Removal of this action was proper since this Court has original jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.[1]

Central to the Plaintiffs' claim is that Laguna Beach police officers used excessive force that resulted in the fatal injuries to Ken and Joni Park. As a result of those fatal injuries, the Plaintiffs wish to maintain a cause of action for negligent wrongful death against the Defendants, as well as a claim for negligent infliction of emotional distress. Under the Third Cause of Action, the Plaintiffs do allege California Constitutional violations but clarify what that means in ¶20 of the Plaintiffs' Complaint as follows:

"20. That Defendants' aforesaid conduct violated Plaintiffs' due process and equal protection rights as guaranteed by Article 1 § 7 of the California State Constitution, and further violated Plaintiffs' right to be free from cruel and unusual punishment as guaranteed by Article I § 17 of the California State Constitution."

As can be clearly seen, at no place in the specific allegations does it explain how the Defendants violated the California Constitution as it relates to an unreasonable seizure. The provision concerning unreasonable searches and seizures un der the California State Constitution is defined in Article I § 13, which states:

"The right of the people to be secure in their person, houses, papers, and

---

[1] As was first identified to this Honorable Court in the Defendants' Notice of Removal (Federal Question) filed on June 2, 2008 wherein it states in ¶1, "...(Specifically, at ¶21: "That Defendants' aforesaid conduct violated Plaintiffs' rights as guaranteed by the Fourth Amendment to the United States Constitution to be free of excessive use of force..."), and then again in ¶3, "...specifically, the Complaint alleges a violation of the Fourth Amendment to the United Stated Constitution. (See Exhibit "A")."

effects against unreasonable seizures and searches may not be violated; and a warrant my not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

Instead, the Plaintiffs are clear in their Complaint and in the Third Cause of Action that the force used by the Defendants was 'excessive' as defined by the United States Constitution in ¶21of the Plaintiffs' Complaint:

"21.   The Defendants' aforesaid conduct violated Plaintiffs' rights as guaranteed by Fourth Amendment to the United States Constitution to be free of excessive use of force."

Section 1331 of Title 28 provides federal district courts with original jurisdiction over "all actions arising under the <u>Constitution</u>, laws, or treaties of the United States." (Emphasis added).  The general removal statute (28 U.S.C. § 1441), in turn allows a defendant to remove a case from state to federal district court if the case is one over which the federal court would have had "original jurisdiction." See, e.g., *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998).  In reviewing a complaint to determine whether a federal question exists, the court applies the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In order for removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint unaided by the answer or petition for removes. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The Defendants assert that there is federal question jurisdiction under § 1331,

1  in conjunction with 28 U.S.C. 1343(a)(3) to justify its removal of this case.
2  Specifically, the Plaintiffs Complaint must necessarily be construed as advancing a
3  civil rights claim under 42 U.S.C. § 1983, since the question of the reasonableness
4  of the force used by the Defendant officers is defined in the complaint as that in
5  violation of the Fourth Amendment of the United States Constitution.  Unless it can
6  be demonstrated that the force used by the Defendant officers was 'excessive', a
7  lawsuit for 'wrongful death - negligence' or 'negligent infliction of emotional
8  distress' under California State law may not survive.  Thus, the question of the
9  reasonableness of the Defendant officers' force is central to this lawsuit.  Since the
10 question of that force is being clearly plead as a violation of the U.S. Constitution, the
11 artful pleading doctrine is thus invoked.

12         As a corollary to the well-pleaded complaint rule, under the artful pleading
13 doctrine a plaintiff "may not avoid federal jurisdiction by omitting from the complaint
14 allegations of federal law that are essential to the establishment of his claim." *Lippitt*
15 *v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations
16 and quotations omitted).  Under such doctrine "a plaintiff may not defeat removal by
17 omitting to plead necessary federal questions in a complaint." *Id*.  The Courts have
18 invoked the doctrine in limited situations such as in (1) complete preemption cases,
19 and (2) substantial federal question cases. *Id*.  The second category of cases includes
20 cases where (1) a substantial question of federal law is a *necessary* element of the
21 state law claims pled, or (2) the relief depends on the resolution of a substantial
22 federal question. *Id*.

23         This case is clearly one where the artful pleading doctrine would apply
24 pursuant to *Lippitt*, since a substantial federal question exists: whether the officers
25 used excessive force as defined under the Fourth Amendment of the United States
26 Constitution.  If the Plaintiff cannot demonstrate that the officers used excessive
27 force, as is defined by *Graham v. Connor* (1989) 490 U.S. 386, all other causes of
28 action against the Defendants fail.  Therefore, not only does the resolution of a

1 | substantial federal question, the Fourth Amendment's definition of excessive force, create the scenario necessary to apply the artful pleading doctrine, the question as to whether the force used by the officers was, in fact, excessive is a necessary element for the resolution of all of the other state causes of action.

Accordingly, removal of this matter was proper.

DATED: October 21, 2008           FERGUSON, PRAET & SHERMAN
                                  A Professional Corporation

                                  By: /s/ Peter J. Ferugson
                                  Peter J. Ferguson, Attorneys for Defendants City of Laguna Beach, Laguna Beach Police Department, Sgt. George Ramos and Sgt. Jason Farris

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On October 21, 2008, I served the **DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: REMAND TO STATE COURT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Harley Bjelland, Esq.
23120 Alicia Parkway, Suite 221
Mission Viejo, CA 92692

XXX  (By Mail) I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

___  (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

XXX  (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

___  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XXX  (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed October 21, 2008, at Santa Ana, California.

/s/ Coleen M. Ludvigson
Coleen M. Ludvigson